**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| NEFFERITTI DIENG, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> HILTON GRAND VACATIONS CO., LLC, et al., ) <br> ) <br> Defendants. ) | Case No. 2:10-cv-01723-LDG-PAL <br><br> **ORDER** <br><br> (Mtn - Dkt. #28) |

      This matter is before the court on Plaintiff's Motion (Dkt. #28), which was captioned as an Opposition to Compel Deposition to State of Nevada, City of Las Vegas. The court has considered the Motion and the Response (Dkt. #31).

      Plaintiff's Motion requests relief under the Federal Rules of Civil Procedure to modify Defendant Hilton Grand Vacations Company ("Defendant") Notice of Deposition. Specifically, she requests the court allow her deposition to occur in Massachusetts rather than Nevada because she is a full-time student with limited financial means or to permit the deposition to go forward telephonically. In response, Defendant asserts that Plaintiff chose this forum for her lawsuit, and she has not established the extreme hardship required to allow the deposition location to be modified. She has not submitted any affidavit, specific facts, or documentary evidence establishing her financial condition. Defendant contends that Plaintiff is employed as a consultant for a variety of companies. Furthermore, Defendant asserts that it attempted to accommodate Plaintiff's concerns by taking her deposition the day after the Early Neutral Evaluation session conducted by Judge Foley, but Plaintiff refused, claiming she was unavailable and then asserting her deposition was premature based on her pending Motion for Default Judgment. Defendant contends it is entitled to depose Plaintiff in person to evaluate her reactions and non-verbal responses, and it should not be responsible for bearing the travel costs to

1 Massachusetts. Defendant also asserts that Plaintiff did not comply with Local Rule 26-7 because she did not meet and confer with defense counsel prior to filing her Motion for Protective Order. Finally, Defendant seeks attorney's fees and costs incurred in opposing Plaintiff's Motion pursuant to Rule 37 of the Federal Rules of Civil Procedure.

Plaintiff's Motion seeks a protective order, pursuant to Rule 26(c)(2) of the Federal Rules of Civil Procedure, designating a different location for her deposition other than the District of Nevada. Alternatively, Plaintiff requests her deposition be taken telephonically pursuant to Rule 30(b)(4) of the Federal Rules of Civil Procedure. Generally, the district court has wide discretion to establish the time and place of depositions. *See Hyde & Drath v. Baker,* 24 F.3d 1162, 1164 (9th Cir. 1994). As an initial matter, the court notes that Rule 45(c)(3)(A)(ii) is inapplicable to Plaintiff's situation, as that Rule applies only to a person "who is neither a party nor a party's office." *Id.* In the absence of a showing of good cause, a plaintiff is required to make herself available for a deposition in the district in which the suit was filed. *See United States v. Rock Springs Vista Dev.,* 185 F.R.D. 603, 604 (D. Nev. 1999) (relying on *Clem v. Allied Van Lines Internat'l Corp.,* 102 F.R.D. 938 (S.D.N.Y. 1984), which held that absent extreme hardship, a non-resident plaintiff should appear for her deposition in the chosen forum). In *Rock Springs,* the court noted that the issue of taking the deposition of a witness is different from the issue of taking the deposition of a plaintiff because the plaintiff has

> not only taken the volitional step of initiating the lawsuit or claim, [but also] he or she stands to gain a substantial monetary sum and/or beneficial relief as a result of suing a defendant. . . . A plaintiff, therefore, cannot invoke the mere fact of **inconvenience or expense** as a legitimate reason to refuse to appear and submit himself or herself to questioning by the defendant regarding the basis for the claim.

*Id.* (emphasis supplied).

Telephonic depositions are not recommended for obtaining controversial testimony, such as from a plaintiff, because the inquirer cannot observe the impact of his or her questions, evaluate the witness' nonverbal responses, or be able to ascertain whether anyone is listening in or coaching the witness. *Id.* (*citing* William W. Schwarzer, A. Wallace Tashima & James M. Wagstaffe, *Federal Civil Procedure Before Trial* § 11.443 (1997)). Thus, as a general rule, a plaintiff is required to appear in the forum he or she chose for his or her deposition. However, where a plaintiff can show good cause for

not being required to come to the district where the action is pending, he or she may be deposed in some other location.

Here, like the Intervenors in *Rock Springs*, Plaintiff has not shown good cause to have her deposition taken in a jurisdiction other than the District of Nevada.  She has made only a conclusory statement she has "limited financial means to cover airfare, hotel, car rental, meals, parking, and other miscellaneous expenses" and has provided no supporting evidence.  Defendant should not have to forego its right to take Plaintiff's deposition face-to-face because Plaintiff resides out-of-state.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion (Dkt. #28) is DENIED.
2. Defendant's request for fees and costs is DENIED.

Dated this 1st day of March, 2011.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

3