1

2

3

4         **UNITED STATES DISTRICT COURT**

5              **DISTRICT OF NEVADA**

6

7    NEFFERITTI DIENG,                       )
                                             )
8                          Plaintiff,        )     Case No. 2:10-cv-01723-LDG-PAL
                                             )
9    vs.                                     )              **ORDER**
                                             )
10   HILTON GRAND VACATIONS COMPANY,         )     (Mot. To Reconsider - Dkt. #36)
     LLC, *et al.,*                          )
11                                           )
                           Defendants.       )
12   _____)

13        Before the court is Plaintiff's Plaintiff's Emergency Motion to Reconsider Order Dated March 1,

14   2011 (Dkt. #36).  The court has considered the Motion, and Defendants' Response (Dkt.#39).  Plaintiff did

15   not file a reply, and the time for filing a reply has expired.

16        **I.       Motion to Reconsider (Dkt. #36)**

17        In the Emergency Motion to Reconsider, Plaintiff asks the court to reconsider its ruling that she be

18   required to appear in Las Vegas, Nevada, for her deposition.  Plaintiff argues that the Defendants made

19   misleading and untrue statements to the court in opposing her request that her deposition take place in

20   Massachusetts where she resides, rather than the State of Nevada where she filed this case.  The Motion

21   for Reconsideration asserts that the court determined she had no financial hardship in part because of

22   misleading information provided by the Defendants.  Specifically, Plaintiff claims the Defendants lied to

23   the court in its opposition to her motion by suggesting that she attends law school, and derives income as

24   a consultant.  She also claims Defendants misled the court by not providing the entire e-mail exchanges she

25   had with Attorney Trimmer concerning her deposition.

26        She attaches an affidavit supporting her renewed request that her deposition be taken in

27   Massachusetts, rather than in Nevada.  Her affidavit states she is "suffering hardship due to financial

28   constraints caused by limited income," is a full-time student, that the majority if not all of her financial

1    support is generated from federal student loans, and that at times, for several months, she has been unable

2    to pay bills, including her electric and gas bills.  *See* Affidavit attached as Exhibit "6" to the Motion.  She

3    asks that the court compel her deposition to be taken in the State of Massachusetts, and that the court limit

4    the deposition to no more than one day.  She also asks that the court impose sanctions against the

5    Defendants and counsel pursuant to Rule 11(c) for making misleading and untrue statements to the court

6    in opposing her request for her deposition to be taken in Massachusetts.

7        Defendants' opposition was filed March 7, 2011, three days before her scheduled March 10, 2011

8    deposition noticed in Las Vegas.  Defendants oppose the motion for reconsideration and sanctions arguing

9    it is frivolous and should be denied.  Defendants contend that the motion for reconsideration does not

10   attempt to cure the obvious deficiencies pointed out in the court's March 1, 2011 Order.  Defendants

11   dispute that they have made misrepresentations to the court, and object to Plaintiff's *ad hominem* attacks

12   on defense counsel.  Defendants note that Plaintiff claims Defendants misrepresented her status as a law

13   student and as a consultant.  However, Defendants explained to Plaintiff that her own website holds herself

14   out as a student pursuing a joint JD/MBA and as a consultant.  Defendants also object that the Motion to

15   Reconsider is conclusory and inadequately supports her arguments she suffers financial hardship so severe

16   that she should be excused from traveling to Las Vegas, and that the cost of obtaining an in-person

17   deposition should be shifted to the Defendants.  Finally, Defendants argue that Plaintiff has not met her

18   legal burden of setting forth grounds for reconsideration.  Defendants ask that the court award attorney's

19   fees and costs for responding to the motion unless the Plaintiff can show it was substantially justified.

20                                   **DISCUSSION**

21       Reconsideration is appropriate if the court (1) is presented with newly discovered evidence, (2)

22   committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change

23   in controlling law.  *See All Hawaii Tours, Corp. v. Polynesian Cultural Center*, 116 F.R.D. 645, 648

24   (D.Hawaii 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir.1988).  There may also be other, highly

25   unusual, circumstances warranting reconsideration. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263

26   (9th Cir. 1993).  As the party resisting discovery in the forum where this action is pending, Plaintiff had

27   the burden of establishing good cause for having her deposition taken in Massachusetts, or telephonically

28   as she requested. *United States v. Rock Springs Vista Development*, 185 F.R.D. 603, 604 (Dist NV 1999).

1   Mere inconvenience or expense is an insufficient reason to refuse to appear in the district where Plaintiff

2   filed her lawsuit to have her deposition taken.

3          The court finds that Plaintiff has not met her burden of establishing good cause for a reconsideration

4   of the court's prior order.  Rather, she merely reiterates arguments previously asserted in support of her

5   motion to have her deposition taken in Massachusetts or telephonically.  Plaintiff's affidavit and supporting

6   exhibits are conclusory and do not support her claim that traveling to Nevada where she filed this lawsuit,

7   for her deposition would constitute a severe hardship.  However, the court will grant the relief requested

8   that her deposition be limited to one day of seven hours duration in accordance with the provision of

9   Fed.R.Civ.P. 30(d)(1).

10         **IT IS ORDERED** that:

11         1.    Plaintiff's Emergency Motion to Reconsider (Dkt. #36) is **DENIED**.

12         2.    Any request for relief raised in the Motion to Reconsider not specifically addressed is

13               **DENIED**.

14         Dated this 1st day of April, 2011.

15

16         _____
                         Peggy A. Leen
17                       United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28